1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

D'RON BOTTS,

Case No.:  3:19-cv-01387-DMS-RBM

12

Plaintiff,

**ORDER GRANTING JOINT MOTION TO CONTINUE TRIAL-RELATED DATES**

13

v.

14

CORRECTIONAL OFFICER
SHEPPARD, et al.,

15
16

Defendants.

**[Doc. 35]**

17
18

Before the Court is Plaintiff D'Ron Botts ("Plaintiff") and Defendants J. Newman,

19

C. Legge, R. Rodriguez, F. Camacho, A. Shepherd, and D. Paramo's (collectively

20

"Defendants") Joint Motion to Continue Trial-Related Dates ("Joint Motion"). (Doc. 35.)

21

Due to the ongoing COVID-19 pandemic, the parties' attorneys are having difficulty

22

complying with the June 19, 2020 Amended Scheduling Order.  (Docs. 32, 35.)  The

23

Scheduling Order required all fact discovery be completed by September 11, 2020.  (Doc.

24

32 at 2.)  The parties allege they are currently unable to depose Plaintiff or three of

25

Plaintiff's witnesses because of the California Department of Corrections and

26

Rehabilitation's ("CDCR") COVID-19 movement and visitation restrictions.  (Doc. 35 at

27

2-3.)  Plaintiff's counsel also alleges he is unable to meet with his client.  (*Id.* at 3.)

28

Therefore, the parties seek a sixty-day continuance of all dates in the June 19, 2020 Amended Scheduling Order. (Doc. 35 at 4.)

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification."). Here, CDCR's movement restriction guidelines are impeding the parties' ability to conduct video depositions of fact witnesses. High Desert State Prison, Mule Creek State Prison, and California Health Care Facility-Stockton have all halted inmate movement due to COVID-19 Outbreaks. (Doc. 35 at 2.) Mule Creek State Prison, where two witnesses are housed, has thirty-two active COVID-19 cases and twenty-seven in the last two weeks. (Docs. 34 at 2; Doc. 35 at 2.) This is the parties' third request to amend the Scheduling Order. (Docs. 28, 31, 35.) As such, the Court finds good cause to amend the June 19, 2020 Scheduling Order. Accordingly, the Joint Motion is **GRANTED**. All dates set in the June 19, 2020 Amended Scheduling Order (Doc. 32) are hereby **AMENDED AS FOLLOWS**:

1. All fact discovery shall be completed by all parties by **November 6, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

2.      The parties shall designate their respective experts in writing by **December 16, 2020**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **January 6, 2021**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3.      By **February 3, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

4.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **February 19, 2021**.

5.      All expert discovery shall be completed by all parties by **March 12, 2021**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6.      Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7.      All other pretrial motions must be filed by **April 12, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period between the date you request a motion date and the hearing

3

date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8.     A Mandatory Settlement Conference shall be conducted on **July 14, 2021** at **9:30 a.m.** in the chambers of **Magistrate Judge Ruth Bermudez Montenegro, United States Courthouse, 2003 W. Adams Ave., El Centro, CA 92243**.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **June 30, 2021**.  All parties are ordered to read and to fully comply with the chamber rules of the assigned magistrate judge.

9.     Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **July 23, 2021**.

10.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **July 23, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **July 30, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.     Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 6, 2021**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties

4

1    shall attempt promptly to resolve their differences, if any, concerning the order.

2          13.    The Proposed Final Pretrial Conference Order, including objections to any
3    other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be
4    prepared, served and lodged with the assigned district judge by **August 13, 2021**, and shall
5    be in the form prescribed in and comply with Local Rule 16.1(f)(6).

6          14.    The final Pretrial Conference is scheduled on the calendar of the **Honorable**
7    **Dana M. Sabraw** on **August 20, 2021** at **10:30 a.m.**  The trial is scheduled to start on
8    **September 20, 2021** at **9:00 a.m.**

9          15.    The parties must review the chambers' rules for the assigned district judge
10   and magistrate judge.

11         16.    A post-trial settlement conference before a magistrate judge may be held
12   within thirty (30) days of verdict in the case.

13         17.    The dates and times set forth herein will not be modified except for good cause
14   shown.

15         18.    Briefs or memoranda in support of or in opposition to any pending motion
16   shall not exceed twenty-five (25) pages in length without leave of a district court judge.
17   No reply memorandum shall exceed ten (10) pages without leave of a district court judge.
18   Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents
19   and a table of authorities cited.

20         19.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this
21   case hereafter.

22         **IT IS SO ORDERED**.
23   DATE: August 24, 2020

24

25

26         HON. RUTH BERMUDEZ MONTENEGRO
             UNITED STATES MAGISTRATE JUDGE
27

28

3:19-cv-01387-DMS-RBM