# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'RON BOTTS,<br><br>                          Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER SHEPPARD, et al.,<br><br>                         Defendants. | Case No.: 3:19-cv-01387-DMS-RBM<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DISCOVERY AND PRETRIAL MOTION DEADLINES**<br><br>[Doc. 39] |

Before the Court is Plaintiff D'Ron Botts ("Plaintiff") and Defendants J. Newman, C. Legge, R. Rodriguez, F. Camacho, A. Shepherd, and D. Paramo's (collectively "Defendants") Joint Motion to Extend Discovery Deadlines ("Joint Motion"). (Doc. 39.) The parties seek a thirty-day continuance of the expert discovery deadlines and the pretrial motions cutoff. (*Id.* at 2.) The parties allege an extension is necessary because Plaintiff contracted COVID-19, which delayed his ability to execute releases for medical records and, by extension, hindered their experts' ability to review those records prior to the expert designation deadline. (*Id.* at 3.)

This is the parties' fifth request to continue scheduling order dates. (Docs. 28, 31, 35, 37, 39.) The August 24, 2020 Order Granting Joint Motion to Continue Trial-Related

1  Dates set expert designations for **December 16, 2020**, rebuttal expert designations for
2  **January 6, 2021**, expert disclosures for **February 3, 2021**, rebuttal expert disclosures for
3  **February 19, 2021**, and the expert discovery cutoff for **March 12, 2021**. (Doc. 36 at 3.)

4  A scheduling order may be modified only upon a showing of good cause and with
5  the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations,*
6  *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is
7  upon the moving party's reasons for seeking modification."). When an act must be done
8  within a specified time and the party files a motion for extension after that time has expired,
9  the party must show excusable neglect. FED. R. CIV. P. 6(b)(1)(B). Here, the expert
10 designation deadline passed before the parties filed the Joint Motion. (*See* Docs. 36, 39.)
11 Notwithstanding the foregoing, excusable neglect exists as medical records discovery, and
12 by extension, expert witness discovery, have been delayed due to Plaintiff's COVID-19
13 illness. Thus, the Court finds good cause to grant a continuance of the expert discovery
14 and pretrial motion deadlines.

15 Accordingly, the Joint Motion is **GRANTED**. The Court's August 24, 2020 Order
16 Granting Joint Motion to Continue Trial-Related Dates (Doc. 36) is hereby **AMENDED**
17 as follows:

18  1. The parties shall designate their respective experts in writing by **January 29,**
19 **2021**. The parties must identify any person who may be used at trial to present evidence
20 pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to
21 retained experts. The date for exchange of rebuttal experts shall be by **February 12, 2021**.
22 The written designations shall include the name, address and telephone number of the
23 expert and a reasonable summary of the testimony the expert is expected to provide. The
24 list shall also include the normal rates the expert charges for deposition and trial testimony.[1]

---

[1] The Joint Motion alleges the timing of the rebuttal expert *designation* deadline is problematic, arguing it is impossible to know what requires a rebuttal expert until expert reports are received pursuant to Fed. R. Civ. P. 26(a)(2)(B). (Doc. 39 at 3.) Such argument is lacks merit. Rebuttal expert designations, if any,

2. By **March 12, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 26, 2021**.

4. All expert discovery shall be completed by all parties by **April 23, 2021**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions must be filed by **May 21, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

7. The dates and times set forth herein will not be modified except for good cause shown.

---

are due after the opposing party has provided "a reasonable summary of the testimony [their] expert is expected to provide."

8. All other dates in the Court's August 24, 2020 Order Granting Joint Motion to Continue Trial-Related Dates (Doc. 36) remain unchanged.

9. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

DATE: December 28, 2020

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE