UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'RON BOTTS,<br><br>                      Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICER SHEPHERD, et al.,<br><br>                     Defendants. | Case No.: 19cv1387 DMS (RBM)<br><br>**ORDER ADOPTING AND SUPPLEMENTING REPORT AND RECOMMENDATION, AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is United States Magistrate Judge Ruth Bermudez Montenegro's Report and Recommendation ("R&R") recommending that the Court deny Defendants' motion for summary judgment. There are no objections to the R&R. For the reasons set forth below, this Court adopts and supplements the R&R, and denies the motion for summary judgment in its entirety.

**I.**

**INTRODUCTION**

Plaintiff D'Ron Botts ("Plaintiff") is a state prisoner proceeding *in forma pauperis* and represented by counsel. (ECF Nos. 1–3, 6.) He brings an action under the Civil Rights Act, 42 U.S.C. § 1983, against several Correctional Officers, and a former Warden, at Richard J. Donovan Correctional Facility ("Donovan"). (ECF No. 8.) Plaintiff alleges

retaliation in violation of the First Amendment, failure to protect under the Eight Amendment, negligence, and a violation of civil rights under California's Bane Act. (*Id.*)

On June 11, 2021, Defendants filed a motion for summary judgment. (ECF No. 43.) Plaintiff filed an opposition (ECF No. 62), and Defendants filed a reply. (ECF No. 70.)

On January 13, 2022, Magistrate Judge Ruth Bermudez Montenegro issued a Report and Recommendation ("R&R") on the present motion, recommending that it be denied. (ECF No. 75.) No party has filed objections to the R&R, and the time for doing so has expired.

**A. Standard of Review**

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(c). The district court must "make a *de novo* determination of those portions of the report … to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

While no objections to the R&R were filed, the Court conducted a *de novo* review and agrees with the Magistrate Judge that the summary judgment motion ought to be denied as to the Eighth Amendment, negligence, and Bane Act claims, as well as to the First Amendment retaliation claim on the question of protected speech. The Court also agrees that Defendants are not entitled to summary judgment on the First Amendment retaliation claim based on qualified immunity, and supplements the analysis of the R&R on that issue below.

## II.
## DISCUSSION

**A. Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating that summary judgment

is proper by "showing the absence of any genuine issue of fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). If the moving party meets its burden, the burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. Qualified Immunity

In addition to arguments on other grounds, Defendants argue they are entitled to summary judgment on Plaintiff's First Amendment retaliation claim based on qualified immunity. (ECF No. 43 at 18.) Defendants argue it is not clearly established that a prisoner's verbal comments outside of the formal grievance process is protected speech under the First Amendment, and thus they are entitled to qualified immunity. (*Id.*)

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, ___ U. S. ___, 138 S. Ct. 1148, 1152 (2018). As the focus is on notice, "clearly established" in the present context means it would be clear to reasonable officers at the time that their conduct violated the law. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). While this cannot be assessed at a high level of generality, *Kisela*, 138 S. Ct. at 1152, there need not be a case directly on all fours to determine a right is clearly established. It is not the case that "an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (holding officials can be on notice that their conduct violates established law even in novel factual circumstances and finding correctional officers violated inmate's rights by handcuffing him to a hitching post). Rather, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question." *Id.* at 741. Some cases involve "conduct so clearly and obviously wrong that the conduct itself unmistakably 'should have provided [defendants] with some notice' that their alleged conduct violated their targets'

constitutional rights." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1120 (9th Cir. 2017) (quoting *Hope,* 536 U.S. at 745) (holding social workers were not entitled to qualified immunity when they perjured testimony and fabricated evidence in child removal proceedings.)

  1. <u>Retaliation for discussing prison corruption with a CDCR Director constitutes 'conduct clearly and obviously wrong' that precludes qualified immunity.</u>

While the Ninth Circuit has not addressed whether an inmate's verbal complaints about prison conditions or policy are protected by the First Amendment, the Seventh Circuit has addressed the issue and concluded that an inmate's verbal complaints outside the formal grievance process are protected by the First Amendment and may provide the basis for a retaliation claim. *See Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2006) (holding an inmate's verbal complaints about general prison conditions or policy of concern to all prisoners are protected by the First Amendment). However, the Ninth Circuit has "long recognized that a correctional officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct" and "[a] prisoner's general right against retaliatory punishment [i]s clearly established." *Shepard v. Quillen*, 840 F.3d 686, 688, 693 (9th Cir. 2016). And the Ninth Circuit, in harmony with many other circuits, has held that an inmate's personal prison grievances are protected by the First Amendment. *See Rhodes v. Robinson,* 408 F.3d 559 (9th Cir.2005) (holding an inmate's personal complaints advanced through the prison grievance process and civil litigation are protected by the First Amendment). Indeed, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

The facts of this case are unique, but the law is clear.[1] In early October 2017, Plaintiff alleges he spoke with California Department of Corrections and Rehabilitation ("CDCR") Director Brian Duffy ("Duffy") in Plaintiff's housing unit about alleged corruption and illegal acts by officers at Donovan. (ECF No. 8 at 3; ECF No. 43 at 11–12.) Duffy was visiting the prison to conduct an audit. (ECF No. 8 at 3.) Plaintiff alleges the conversation took place in plain view of correctional officers and lasted fifteen to twenty minutes. (ECF No. 62 at 8.) Plaintiff alleges that following his discussion with Duffy, he received threats from, and ultimately was assaulted at the behest of, the Defendants. (*Id.*)

Defendants cannot reasonably argue that correctional officers lack notice that they would infringe an inmate's First Amendment rights by threatening and harming the inmate after the inmate complained to a supervisor about the correctional officers' conduct. While the specific facts here may not have "previously been held unlawful," *Hope*, 536 U.S. at 739, the alleged conduct is "so clearly and obviously wrong" as to "have provided [defendants] with some notice[,]" thus barring qualified immunity. *Hardwick*, 844 F.3d at 1120 (internal citation omitted).

2. Plaintiff's actions can be reasonably construed as a grievance or threat of grievance, which is clearly established as protected activity for retaliation purposes.

Further, even assuming a reasonable officer would not have found it obvious that retaliation based on a prisoner's complaints of officer corruption to a CDCR director violated that prisoner's rights, it is clearly established that a prisoner's grievance, or threat or notice of intent to file a grievance, is protected from retaliation. *See, e.g.*, *Rhodes,* 408 F.3d 559 (noting the import of the First Amendment right to file prison grievances). "An inmate's reporting of officer misconduct, or the attempt to do so verbally or in writing, constitutes speech or conduct entitled to First Amendment protection. In the retaliation

---

[1] The full facts of this case are aptly summarized in Judge Montenegro's R&R (ECF No. 75), and thus only the facts material to the qualified immunity analysis are repeated here.

context, there is no 'legal distinction ... between the filing of a charge which is clearly protected ... and threatening to file a charge.'" *Uribe v. McKesson*, No. 08CV01285 DMS NLS, 2011 WL 9640, at *12 (E.D. Cal. Jan. 3, 2011) (citing *Gifford v. Atchison, Topeka, & Santa Fe Ry. Co.,* 685 F.2d 1149, 1155–56 n. 3 (9th Cir.1982)) (holding a prisoner's attempt to notify a Sergeant of officers' misconduct could reasonably be construed as an attempt to initiate a grievance on summary judgment).

In considering a motion for summary judgment, the non-movant's evidence is credited and all reasonable inferences are drawn in their favor. *Anderson*, 477 U.S. at 255. Plaintiff alleges that he discussed with Duffy corrupt activity by correctional officers, including wrongful treatment Plaintiff himself had experienced. (ECF No. 62 at 8.) This occurred in the open in Plaintiff's housing unit, in front of other correctional officers. (ECF No. 62 at 8.) Taking these facts at face value, a reasonable inference may be drawn that the alleged interaction was a verbal grievance to the correctional officers' supervisor—a CDCR Director, no less—which could support a retaliation claim. *See Shepard*, 840 F.3d 686 (finding a retaliation claim where a prisoner plaintiff reported verbally to a Sergeant that another officer used excessive force during an escort and the prisoner was immediately placed in administrative segregation).

Even if discussing wrongful conduct directly with a CDCR Director—rather than working through the steps of the administrative complaint process—does not constitute a grievance, Plaintiff's allegations fairly suggest that onlooking officers would view the discussion by Plaintiff with Duffy as a threat of a future grievance. After relaying the illegal conduct he had observed, Plaintiff alleges he took Duffy's contact information, and Duffy told Plaintiff to call him to discuss any future issues.[2] (ECF No. 62 at 8.) The prohibition on retaliation against one who makes verbal threats to file a grievance is clearly

---

[2] Plaintiff argues he kept Duffy's contact information and asked his family to try to contact Duffy. (ECF No. 62 at 8.) However, there is no evidence Defendants were aware of this, and thus these facts are not dispositive.

established law, as Defendants concede (ECF No. 43 at 16), and thus precludes qualified immunity under the disputed facts here.  *Entler v. Gregoire*, 872 F.3d 1031 (9th Cir. 2017) (reversing district court's grant of qualified immunity on retaliation claim and holding there is no distinction, for retaliation claim purposes, between verbal threats to file and actually filing a lawsuit or grievance); *see also Garcia v. Strayhorn*, No. 13-CV-807-BEN KSC, 2014 WL 4385410, at *6 (S.D. Cal. Sept. 3, 2014) ("a number of courts have concluded that verbal statements made by an inmate that essentially constitute a grievance, or that indicate an intent to file a formal written grievance, are protected by the First Amendment.")  Accordingly, Defendants have not "show[n] the absence of any genuine issue of fact" as to qualified immunity and are thus not entitled to summary judgment on that basis.  *Adickes*, 398 U.S. at 153 (1970).

### III.
### CONCLUSION AND ORDER

Having reviewed *de novo* the R&R, the Court adopts the R&R entirely and denies summary judgment on the Eight Amendment, negligence, and Bane Act claims, and the First Amendment claim on grounds that Plaintiff's conduct was protected speech.  The Court supplements the R&R to deny summary judgment based on qualified immunity regarding the First Amendment claim.  Further, lines 12–13 of page 3 are amended to read: "Accordingly, all of Plaintiff's causes of action against Warden Paramo and C/O Newman have been dismissed."  (*See* ECF No. 75 at 3.)  The Court therefore denies Defendants' motion for summary judgment.

**IT IS SO ORDERED**.

Dated:  March 14, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court